[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15766
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00256-MCR-CJK

WILLIAM V. MAY,

Plaintiff-Appellant,

versus

KEVIN SASSER,

Defendant-Appellee,

DESTIN FIRE CONTROL DISTRICT,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 15, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

After termination as a firefighter in the Destin Fire Control District, William V. May sued both the fire district and Kevin Sasser, chief of the district. Arguing that the defendants retaliated against him for statements he made during a public meeting hosted by the Board of Fire Commissioners, May sued under 42 U.S.C. § 1983 alleging a violation of the First Amendment. On appeal, May argues that the district court erred by granting summary judgment in favor of Sasser and the fire district. We affirm the summary judgment for Sasser and against May. However, because the district court dismissed the complaint without resolving the action against the fire district, we affirm in part and remand in part.

## I.

We review de novo a grant of a motion for summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate when there is no genuine issue of material fact. Fed. R. Civ. P. 56(a).

The First Amendment prohibits a public employer from retaliating against an employee for exercising his protected free speech rights. *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989). "In cases where [a public employer] denies discharging the employee because of speech," we apply a

2

"four-stage analysis." *Id.* In the first stage of the analysis, we consider "whether the employee's speech may be 'fairly characterized as constituting speech on a matter of public concern.'" *Carter v. City of Melbourne*, 731 F.3d 1161, 1168 (11th Cir. 2013) (per curiam) (quoting *Bryson*, 888 F.2d at 1565).

A de novo review of the record reveals that, even before May spoke at the public meeting, the defendants planned to terminate six firefighters, including May, who lacked seniority. More importantly, May spoke at the meeting because he feared termination, and his comments concerned the prospect of his termination. Consequently, May's speech concerned a personal employment matter, and cannot "be fairly characterized as constituting speech on a matter of public concern." *See Bryson*, 888 F.2d at 1565 (internal quotation marks omitted). A "public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." *Boyce v. Andrew*, 510 F.3d 1333, 1344 (11th Cir. 2007) (per curiam) (quoting *Ferrara v. Mills*, 781 F.2d 1508, 1516 (11th Cir. 1986)). Because May fails the first stage of the "four-stage analysis," we need not consider the remaining stages.[1]

---

[1] May argues that the district court erred in denying his motion for reconsideration based on newly discovered evidence that another firefighter, Donald Watson, was not terminated in spite of "substantially more egregious behavior." This argument assumes that May wins the third stage of the "four-stage analysis"—that "the employee's speech played a 'substantial part' in the government's decision to demote or discharge the employee." *Bryson*, 888 F.2d at 1565. Because May fails the first stage, we need not consider the remaining stages and decline to assume May's success on the third stage.

3

*See Carter*, 731 F.3d at 1168.  We affirm the summary judgment for Sasser and against May.

## II.

In a footnote in the order granting summary judgment for Sasser, the district court implied that the complaint fails to state a claim against the fire district because the complaint contains no claim "that a policy or custom of the [fire district] caused [May] harm."  Then, instead of sua sponte dismissing the action against the fire district or requiring May to amend the complaint,[2] the district court determined that May intended to sue only Sasser and not the fire district.  The footnote justifies this determination by noting that May sued Sasser in both his individual and official capacities and by stating, "An official-capacity suit is no more than a suit against the governmental entity."

May failed to realize that the district court had used the "policy or custom" argument to extinguish his action against the fire district.  Instead, he mistakenly believed that in the footnote the district court criticized him for failing to assert the argument against Sasser in his official capacity.  Moving for reconsideration of the

Also, May argues that the district court erred in concluding that Sasser is entitled to qualified immunity.  Because we determine that May fails in his claim under the First Amendment, we need not consider whether Sasser is entitled to qualified immunity, an inquiry that involves a determination of whether Sasser's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000) (internal quotation marks omitted)).

[2] Also, the district court failed to discuss whether May can sue a fire district rather than the municipality within which the fire district is located.

order that contains the footnote, May argued for an opportunity to assert that argument.  The district court declined to clarify the footnote and denied the motion for reconsideration.  Citing the footnote, May on appeal argues that "the district court erred by dismissing defendant in his official capacity."

The plaintiff is the master of the complaint.  And the complaint names both Sasser and the fire district as defendants.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394–95, 107 S. Ct. 2425, 2431 (1987) ("It is true that respondents . . . could have brought suit under § 301.  As masters of the complaint, however, they chose not to do so.").  The district court cannot assume knowledge of May's intention in naming the fire district as a defendant and must either dismiss the action against the fire district for failure to state a claim or offer May an opportunity to amend the complaint.  Therefore, we vacate the summary judgment as to the fire district and remand for reconsideration.

**AFFIRMED IN PART AND REMANDED IN PART.**